UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Criminal Case No.:
17-cr-20770

Civil Case No.: 22-mc-51767
Honorable Gershwin A. Drain

KEWAI TYRONE HUNTER,

    Defendant.

_____/

## ORDER DENYING MOTION FOR RETURN OF PROPERTY [#2]

### I.    INTRODUCTION

Presently before the Court is the Defendant Kewai Tyrone Hunter's Motion for Return of Property, filed on November 29, 2022. The Government filed a Response on May 1, 2023, and Hunter filed a Reply in support of his present motion on June 5, 2023. Because the property seized in connection with Hunter's arrest for illegal drug distribution and firearm possession is either not in federal possession or was forfeited in connection with his guilty plea, his motion lacks merit and will be denied.

## II.   BACKGROUND

In July 2017, Washtenaw County Sheriff's deputies were dispatched after a report involving an individual being threatened with a handgun. Later investigation resulted in the identification and arrest of Hunter.

Deputy Hankamp approached and detained Hunter and during a pat down, identified and retrieved crack cocaine, $3700 and car keys. After the seizure of the drugs and cash, the deputies located the keys that Hunter had in his possession. A later search of the Jeep resulted in the recovery of a loaded 9mm handgun and additional crack cocaine. Hunter, when arrested identified himself as Kendall Davis, however, his true identity was determined later.

At the time of his arrest, and prior to Hunter's case being adopted for federal prosecution, Hunter was notified that the cellular telephones and $3,836 that he had in his possession were seized by the Washtenaw County Sheriff's Office and forfeited pursuant to MICH. COMP. LAWS § 7522. *See* ECF No. 3, PageID.12.

Hunter pleaded guilty pursuant to a Rule 11 Plea Agreement on December 4, 2018. The plea agreement contemplated forfeiture of the seized firearm and ammunition it contained. *See* ECF No. 39: PageID 268-269. Hunter was sentenced on November 14, 2019, and the judgment entered against him included an order of forfeiture for the firearm and ammunition. *See* ECF No. 42, 43 and ECF No. 51, PageID 348.

2

### III. LAW & ANALYSIS

Rule 41(g) permits a party aggrieved by an unlawful seizure of property to move for the property's return:

> (g) Motion to Return Property.
>
> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

"A Fed. R. Crim. P. 41 motion is treated as a civil action in equity when the owner of the property invokes the Rule after the conclusion of his criminal proceedings." *United States v. Oguaju*, 107 F. App'x 541, 542 (6th Cir. 2004) (citing *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000) and *United States v. Duncan*, 918 F.2d 747, 654 (6th Cir. 1990)).

Here, Hunter alleges in his motion that he has included an exhibit listing "Movant's property." *See* ECF No. 2: PageID 3. The pleading filed with the court does not contain any such exhibit or list.

In the event that Hunter is seeking return of the money and phones seized from him by the Washtenaw Sheriff's Department, , those items were never in the custody of the federal government. Accordingly, the United States is not the proper

3

party to request the return. Federal courts lack subject-matter jurisdiction if there is no evidence that a federal agent or agency ever had real or constructive possession of the property. *United States v. Nune*, No. 19-MC-51643, 2019 WL 6522239, at *2 (E.D. Mich. Dec. 4, 2019); *United States v. Oguajo*, 107 F. App'x 541, 543 (6th Cir. 2004); *United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004); see also *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997) (holding that "[b]ecause the United States was not in possession of the vehicle at the time [the petitioner] filed his motion, and, indeed, had never been in possession of the vehicle, it is not the appropriate party from which to request its return").

    As to the firearm and ammunition that were judicially forfeited in connection with Hunter's guilty plea, preliminary order of forfeiture, and judgment of sentence, if that is the property he seeks, Hunter's motion fails. Although Hunter references 18 U.S.C. § 983(e) in his motion, he specifically states that he is seeking the return of items that were not forfeited pursuant to 21 U.S.C. § 853. The firearm and ammunition were properly forfeited under 18 U.S.C. § 924(d) and 28 U.S.C. § 2641. *See* ECF No: 42, 43 and 51. No money related to his drug crime was forfeited by the federal government so § 853 would not apply to the items Hunter agreed to forfeit.

## IV. CONCLUSION

For all of the above reasons, Hunter's Motion for Return of Property [#2] is DENIED.

SO ORDERED.

Dated:     March 11, 2024                              /s/Gershwin A. Drain
                                                      GERSHWIN A. DRAIN
                                                      United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 11, 2024, by electronic and/or ordinary mail.
/s/ Lisa Bartlett
Case Manager